8 A.3d 48 (2010)
James BAER and another
v.
NEW HAMPSHIRE DEPARTMENT OF EDUCATION and another.
No. 2010-448.
Supreme Court of New Hampshire.
Submitted: September 9, 2010.
Opinion Issued: September 24, 2010.
*50 Charles A. Russell, of Concord, by brief, for the petitioners.
Michael A. Delaney, attorney general (Danielle L. Pacik, assistant attorney general, on the memorandum of law), for respondent New Hampshire Department of Education.
Upton & Hatfield, LLP, of Concord (John F. Teague and James A. O'Shaughnessy on the memorandum of law), for respondent Concord School District.
DALIANIS, J.
The petitioners, James Baer and Charles Russell, appeal an order of the Superior Court (Sullivan, J.) dismissing their petition for declaratory judgment. We affirm.
The record reveals the following facts. Respondent Concord School District (the District) approved plans for the construction and renovation of the District's elementary schools. The lot sizes of two schools did not meet the minimum lot size requirements set forth in New Hampshire Administrative Rule, Ed 321.03(f)(1). Pursuant to Rules 321.03(g) and 321.30 (the waiver rules) the District filed two applications for waiver of the lot size requirements with respondent New Hampshire Department of Education (DOE). DOE granted the District's waiver requests.
The petitioners, taxpayers of the City of Concord, filed a petition seeking a declaration that the waiver rules exceeded DOE's rulemaking authority under RSA 21-N:9, II(c) (2000) and violated the Separation of Powers Clause of the New Hampshire Constitution. See N.H. CONST. pt. I, art. 37. The District intervened in the action. The respondents moved to dismiss asserting, among other reasons, that the petitioners lacked standing to bring the action. While the motion to dismiss was pending, the petitioners added a claim that waiving the minimum lot size violated the State's duty to provide a constitutionally adequate education. See N.H. CONST. pt. II, art. 38; Claremont School Dist. v. Governor, 138 N.H. 183, 184, 635 A.2d 1375 (1993).
The trial court dismissed the petition for lack of standing. Thereafter, the petitioners moved to amend their petition to include a claim against the District. The court denied the motion, stating that the claim was moot because the allegations were identical to the dismissed claims against DOE. This appeal followed.
"Generally, in ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the plaintiff's pleading sufficiently establish a basis upon which relief may be granted." Atwater v. Town of Plainfield, 160 N.H. 503, 507, 8 A.3d 159, 162 (2010) (quotation omitted). "[W]hen the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief." Id. at 507, 8 A.3d at 162 (quotation omitted). A jurisdictional challenge based upon lack of standing is one such defense. See Ossipee Auto Parts v. Ossipee Planning Board, 134 N.H. 401, 403-04, 593 *51 A.2d 241 (1991). Because the underlying facts are not in dispute, we review the trial court's determination de novo. Johnson v. Town of Wolfeboro Planning Bd., 157 N.H. 94, 96, 945 A.2d 13 (2008).
The petitioners bring their rulemaking challenges under RSA 541-A:24 (2007) and their constitutional challenges under RSA 491:22 (2010). Declaratory judgment actions brought pursuant to RSA 541-A:24 must, as a threshold matter, meet the requirements for standing under the general declaratory judgment statute set forth in RSA 491:22. See Asmussen v. Comm'r, N.H. Dep't of Safety, 145 N.H. 578, 587, 766 A.2d 678 (2000). Therefore, we focus our analysis upon whether the petitioners have standing to bring these claims under RSA 491:22. Only if the petitioners demonstrate standing under RSA 491:22 will we consider their rulemaking challenges under the standard enumerated in RSA 541-A:24.
The petitioners argue that they have standing as taxpayers of the District. They assert that they will be harmed by the waiver rules because the rules permit their taxpayer dollars to be used to finance schools that do not meet minimum lot size standards. The petitioners also assert that they will be harmed because these "substandard" schools will be in their community.
Our case law contains two conflicting lines of cases regarding taxpayer standing to bring a declaratory judgment action. Under one line of cases, we have permitted taxpayers to maintain an equity action seeking redress for the unlawful acts of their public officials, even when the relief sought was not dependent upon showing that the illegal acts of the public officials resulted in a financial loss to the town. Green v. Shaw, 114 N.H. 289, 291-92, 319 A.2d 284 (1974). We have reasoned that "every taxpayer has a vital interest in and a right to the preservation of an orderly and lawful government regardless of whether his purse is immediately touched." Id. at 292, 319 A.2d 284 (quotation omitted); see also, e.g., Grinnell v. State, 121 N.H. 823, 825, 435 A.2d 523 (1981).
More recently, however, we have required taxpayers to demonstrate that their rights are impaired or prejudiced in order to maintain a declaratory judgment action. See Sirrell v. State, 146 N.H. 364, 370-71, 780 A.2d 494 (2001) (taxpayers required to establish they were harmed by the practical operation of challenged tax). Even when we have not explicitly addressed taxpayer standing, it is evident from the facts of recent cases that we require an impairment of personal rights to bring a declaratory judgment action. See, e.g., Green Meadows Mobile Homes v. City of Concord, 156 N.H. 394, 395, 934 A.2d 586 (2007) (taxpayers who owned mobile parks sought declaratory and injunctive relief against city to prohibit city from taxing them for mobile home units).
We find our more recent analysis of taxpayer standing to be more consistent with the language of RSA 491:22. To maintain a declaratory judgment action, a party must show "a present legal or equitable right." RSA 491:22. "A party will not be heard to question the validity of a law, or any part of it, unless he shows that some right of his is impaired or prejudiced thereby." Asmussen, 145 N.H. at 587, 766 A.2d 678 (quotation omitted).
The claims raised in any declaratory judgment action must be definite and concrete touching the legal relations of parties having adverse interests. The action cannot be based on a hypothetical set of facts, and it cannot constitute a request for advice as to future cases. Furthermore, the controversy must be of a nature which will permit an intelligent *52 and useful decision to be made through a decree of a conclusive character.
Id. (quotation omitted). Therefore, to bring a declaratory judgment action, a party is required to meet the standard articulated in RSA 491:22. We do not have the authority to circumvent this statutory requirement. To the extent that we previously permitted a declaratory judgment action to proceed based only upon a party's taxpayer status without any evidence that his personal rights have been impaired or prejudiced, those cases were implicitly overruled by our more recent case law. Accordingly, we hold that taxpayer status, without an injury or an impairment of rights, is not sufficient to confer standing to bring a declaratory judgment action under RSA 491:22.
The petitioners' only basis for standing in this case is their taxpayer status. They have not alleged that they have any personal rights that are impaired or prejudiced by the waiver rules. See id. They have asserted no interest other than one shared by all Concord taxpayers, which is insufficient to maintain standing in a declaratory judgment action. See Sirrell, 146 N.H. at 370-71, 780 A.2d 494 (taxpayers bringing declaratory judgment action challenging a tax statute required to establish they were harmed by the practical operation of the tax); Asmussen, 145 N.H. at 587, 766 A.2d 678 (intervenors required to demonstrate they were subject to challenged statute to maintain declaratory judgment action). Because the petitioners failed to demonstrate how the waiver rules impair or prejudice their rights, the trial court properly dismissed this declaratory judgment action for lack of standing.
The petitioners appear to contend that Claremont creates an exception to the requirements of RSA 491:22 and confers standing to any person alleging violations of the constitutionally guaranteed right to an adequate education. Claremont states: "The right to an adequate education mandated by the constitution is not based on the exclusive needs of a particular individual, but rather is a right held by the public to enforce the State's duty. Any citizen has standing to enforce this right." Claremont, 138 N.H. at 192, 635 A.2d 1375 (citing Fogg v. Board of Education, 76 N.H. 296, 82 A. 173 (1912)). Claremont did not create an exception to the statutory requirements of RSA 491:22. The petitioners must still allege a present legal or equitable right, which they have failed to do here.
The petitioners also attempt to gain standing through the District's intervention in this case. However, the record does not reflect, and the petitioners have not pointed to, any evidence that this argument was made in the trial court. It is the burden of the appealing party to provide this court with a record sufficient to decide the issues raised on appeal and to demonstrate that the appellant raised those issues before the trial court. Mahmoud v. Irving Oil Corp., 155 N.H. 405, 406, 922 A.2d 1207 (2007). Accordingly, we decline to address this argument. We have reviewed the petitioners' remaining argument and conclude that it lacks merit and warrants no extended discussion. See Vogel v. Vogel, 137 N.H. 321, 322, 627 A.2d 595 (1993).
The District seeks attorney's fees and costs for having to respond to this appeal. The District argues that the appeal is frivolous, contrary to established precedent, and was filed only to delay the pending construction projects. Supreme Court Rule 23 gives this court the exclusive authority to award attorney's fees for an appeal, "if the appeal is deemed to have been frivolous or in bad faith." LaMontagne Builders v. Brooks, 154 N.H. 252, *53 259, 910 A.2d 1162 (2006) (quotation and ellipsis omitted). We cannot find that this appeal was frivolous or in bad faith because it necessarily clarified our taxpayer standing case law. Therefore, we deny the District's request for attorney's fees.
Affirmed.
DUGGAN, HICKS and CONBOY, JJ., concurred.