Merrimack
No. 2010-798

CURTIS AVERY & a.

v.

NEW HAMPSHIRE DEPARTMENT OF EDUCATION & a.

Argued: June 16, 2011
Opinion Issued: October 27, 2011

*Hall, Morse, Anderson, Miller & Spinella, P.C.*, of Concord (*Frank P. Spinella, Jr.* on the brief and orally), for the petitioners.

*Michael A. Delaney*, attorney general (*Anne M. Edwards*, associate attorney general, and *Kristen A. Fiore*, attorney, on the memorandum of law), for respondent New Hampshire Department of Education.

*Upton & Hatfield, LLP*, of Concord (*John F. Teague* and *James A. O'Shaughnessy* on the brief, and *Mr. O'Shaughnessy* orally), for respondent Concord School District.

HICKS, J. The petitioners, Curtis and Deborah Avery, appeal an order of the Superior Court (*McNamara*, J.) dismissing their petition for declaratory judgment relating to a lot size waiver granted to respondent Concord School District (District) by respondent New Hampshire Department of Education (DOE). We affirm.

The following facts are taken from the record. In December 2009, the School Board for the District voted to demolish and rebuild Kimball School. The lot size for the proposed new school building did not meet the minimum lot size requirements set forth in New Hampshire Administrative Rules, Ed 321.03(f)(1). As a result, the District filed an application for a waiver of the lot size requirements with DOE pursuant to Rules 321.30 and 321.03(g) and (h) (the waiver rules). DOE granted the waiver request and the District received school building aid. *See* RSA 198:15-a (Supp. 2010); RSA 198:15-b (2008) (amended 2010) (school building aid statutes).

The petitioners own rental property adjacent to the Kimball School lot. In August 2010, they filed a petition seeking a declaratory judgment that the waiver of the minimum lot size requirement is "invalid and void." The petitioners alleged that the District's waiver application "was factually insufficient as a matter of law and did not fully comply with" the waiver requirements in Rules 321.03(h) and 321.30 because it failed to include " 'pertinent data relative to land values and the availability of other property, contiguous or not, that can be acquired to enlarge a school site' including but not limited to pertinent data relative to" the petitioners' property. (Quoting N.H. ADMIN. RULES, Ed 321.03(h)(3); citation omitted.) Thus, the petitioners contended that the District failed to satisfy the regulatory requirements for the waiver and that DOE acted illegally in granting the waiver. They claimed that the waiver threatened to diminish the value of their property.

The respondents moved to dismiss, asserting that the petitioners lacked standing to bring the action. The trial court agreed and denied the petitioners' motion to reconsider. This appeal followed.

Generally, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the petitioners' pleadings are sufficient to state a basis upon which relief may be granted. *Ossipee Auto Parts v. Ossipee Planning Board*, 134 N.H. 401, 403 (1991). To make this determination, the court would normally accept all facts pled by the petitioners as true, construing them most favorably to the petitioners. *Id.* "When the motion to dismiss does not challenge the sufficiency of the [petitioners'] legal claim but, instead, raises certain defenses, the trial court must look beyond the [petitioners'] unsubstantiated allegations and determine, based on the facts, whether the [petitioners] ha[ve] sufficiently demonstrated [their] right to claim relief." *Baer v. N.H. Dep't of Educ.*, 160

N.H. 727, 729 (2010) (quotation and brackets omitted). A jurisdictional challenge based upon lack of standing is such a defense. *Id.* Since the relevant facts are not in dispute, we review the trial court's determination on standing *de novo. See id.*

In this case, the trial court determined that the petitioners lacked standing to challenge the waiver because the purported injury, protection of property values within a municipality, is unrelated to the purpose of the waiver rules and the school building aid statutes under which the District sought the waiver. Relying upon *Baer*, the court found "that the interest of the Petitioners is no different from that of any other taxpayers in the City of Concord, and . . . they therefore have no standing to challenge the waivers."

The petitioners argue that the trial court erred in requiring them to demonstrate that they "suffered a legal injury against which the rule being challenged was designed to protect." (Emphasis omitted.) They contend that, in an action under RSA 491:22 (2010) and RSA 541-A:24 (2007), "[i]t is enough that [the District's failure to include their property in its waiver application] has visited injury on" them, irrespective of the purpose of the waiver rules and the school building aid statutes. The petitioners further argue that they satisfy the test for standing under RSA 541-A:24 because they "allege impairment or prejudice to their personal rights . . . as abutters whose property could have been acquired to enlarge the lot for which the waiver was requested — a potential for enlargement that was required to be disclosed in the waiver application, but was not."

■ The petitioners sought a declaratory judgment regarding the validity of DOE's waiver decision pursuant to RSA 491:22 and RSA 541-A:24. RSA 491:22 provides a means to obtain a "judicial declaration as to the existence and effect of a relation between [a petitioner] and the [respondent]" as well as to "question the validity of a law." *Benson v. N.H. Ins. Guaranty Assoc.,* 151 N.H. 590, 593 (2004); *see Gitsis v. Thornton,* 91 N.H. 192, 193 (1940) ("The only new right created by the [declaratory judgment] statute is to make disputes as to rights or titles justiciable without proof of a wrong committed by one party against the other." (quotation omitted)). RSA 541-A:24 provides a mechanism for challenging the validity or applicability of a rule under the administrative procedures act. *Asmussen v. Comm'r, N.H. Dep't of Safety,* 145 N.H. 578, 586 (2000).

■ To maintain an action under RSA 491:22 or RSA 541-A:24, a petitioner must demonstrate that he or she has standing to do so. *See Baer,* 160 N.H. at 730; *Asmussen,* 145 N.H. at 587. A declaratory judgment action "brought pursuant to RSA 541-A:24 must, as a threshold matter, meet the requirements for standing under the general declaratory judgment statute

set forth in RSA 491:22." *Baer*, 160 N.H. at 730; *see Town of Orford v. N.H. Air Resources Comm.*, 128 N.H. 539, 541 (1986) (construing predecessor to RSA 541-A:24). Therefore, we focus our analysis upon whether the petitioners have standing under RSA 491:22. *See Baer*, 160 N.H. at 730.

Contrary to the petitioners' suggestion, a party does not obtain standing under RSA 491:22 merely by demonstrating that he has suffered an injury. *Cf. Enos v. Secretary of Environmental Affairs*, 731 N.E.2d 525, 528 (Mass. 2000) (stating that Massachusetts declaratory judgment statute "does not provide an independent statutory basis for standing"). In order to have standing under RSA 491:22, a party must claim "a present legal or equitable right or title." RSA 491:22, I. "A party will not be heard to question the validity of a law, or any part of it, unless he shows that *some right of his* is impaired or prejudiced thereby." *Baer*, 160 N.H. at 730 (quotation omitted).

> The claims raised in any declaratory judgment action must be definite and concrete touching the legal relations of parties having adverse interests. The action cannot be based on a hypothetical set of facts, and it cannot constitute a request for advice as to future cases. Furthermore, the controversy must be of a nature which will permit an intelligent and useful decision to be made through a decree of a conclusive character.

*Id.* at 731 (quotation omitted). Simply stated, a party has standing to bring a declaratory judgment action where the party alleges an impairment of a present legal or equitable right arising out of the application of the rule or statute under which the action has occurred. *Cf. id.*

Here, the trial court applied the above framework in determining that the petitioners lacked standing to challenge the waiver decision. Whether or not the petitioners' action properly falls under RSA 491:22 and RSA 541-A:24, we find no error in the trial court's application of this framework to the question whether the petitioners have standing in this case.

We reject the petitioners' contention that *New Hampshire Bankers Association v. Nelson*, 113 N.H. 127 (1973), demonstrates that the trial court utilized an erroneous legal standard to assess standing. *Nelson* involved an appeal under RSA chapter 541, governing rehearings and appeals in certain cases. *Nelson*, 113 N.H. at 127. In that case, we held that standing under RSA chapter 541 requires only injury in fact, not a showing that the asserted interest is within the zone of interests regulated or protected by the statute. *Id.* at 128-29. Here, however, the petitioners brought their action pursuant to RSA 491:22 and RSA 541-A:24. As discussed above, under these statutes, the petitioners will "not be heard to

question the validity of a law, *or any part of it, unless [they] show[] that some right of [theirs]* is impaired or prejudiced thereby." *Baer*, 160 N.H. at 730 (quotation omitted); *see Asmussen*, 145 N.H. at 587 (noting, in action brought under RSA 491:22 and RSA 541-A:24, that standing inquiry focuses "on whether the party suffered a legal injury against which the law was designed to protect" (quotation and brackets omitted)). Here, the petitioners articulate no such right arising from the waiver rules and school building aid statutes.

In light of our ruling that the trial court did not err in its application of the law, we need not address the petitioners' argument that they have standing under RSA 541-A:24 because they concede that if the trial court applied the proper standing law, "then the . . . court would be right; the [petitioners] would enjoy no standing here for [New Hampshire Administrative Rules,] Ed 321.03 has no purpose to protect abutters."

■ Finally, the petitioners argue that unless abutters have standing to sue for failure to apply the waiver rules, DOE's grant of aid will be unreviewable and that "[p]ublic policy will not stand for such a result." To the extent the petitioners argue that, as a matter of public policy, abutters should be afforded standing to challenge the grant of a lot size waiver under the waiver rules and the school building aid statutes, they make their argument in the wrong forum. Such matters of public policy are reserved for the legislature. *See Petition of Kilton*, 156 N.H. 632, 645, (2007).

*Affirmed.*

DALIANIS, C.J., and DUGGAN, CONBOY and LYNN, JJ., concurred.