NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-southern judicial district
No. 2013-374


K.L.N. CONSTRUCTION COMPANY, INC. & a.

v.

TOWN OF PELHAM

Argued: March 5, 2014
Opinion Issued: December 10, 2014


Cronin, Bisson & Zalinsky, P.C., of Manchester (John G. Cronin and Daniel D. Muller, Jr. on the joint brief, and Mr. Cronin orally), for the petitioners.


Beaumont & Campbell, P.A., of Salem (Bernard H. Campbell on the joint brief), for the intervenor.


Donahue, Tucker & Ciandella, PLLC, of Exeter (Katherine B. Miller on the brief and orally), for the respondent.


BASSETT, J. The petitioners, K.L.N. Construction Company, Inc., Cormier & Saurman, LLC, and Brian Soucy, and the intervenor, Gerald Gagnon Sr. (collectively, the petitioners), appeal an order of the Superior Court

(Nicolosi, J.) dismissing their petition for declaratory judgment and writ of mandamus seeking the return of impact fees paid to the respondent, the Town of Pelham (Town). In its order, the trial court ruled that it was within the Town's statutory authority to adopt an ordinance that allows current property owners to seek a refund of unencumbered impact fees. The trial court ruled that the petitioners had no standing to seek the return of the impact fees. We affirm.

The record establishes the following facts. In 1999, the Town adopted an impact fee ordinance pursuant to RSA 674:16 (2008) and RSA 674:21, V (2008) (amended 2012). The ordinance allowed the Town to assess fees on new development in order to pay for capital improvements necessitated by the development. The ordinance also provided that, if the Town had not spent or otherwise encumbered the impact fees within six years, "[t]he current owners of property on which impact fees have been paid may apply for a full or partial refund of such fees, together with any accrued interest." Pelham, N.H., Impact Fee Ordinance § 1002.00(a) (1999), superseded by Pelham, N.H., Impact Fees for Public Facilities Ordinance § K(1) (2006).

Subsequent to the enactment of the 1999 ordinance, the Town required certain residential real estate developers, including the petitioners, to pay impact fees to the Town. After paying the fees, the petitioners sold the properties to individual homeowners. The Town imposed these fees to partially fund the construction of a new fire station. The balance of the construction costs was to be borne by the Town. Between 2002 and 2010, the Town spent some of the impact fees paid by the developers, including the petitioners, on feasibility studies, architectural drawings, and construction estimates relating to the fire station. On several occasions between 2006 and 2010, the voters in the Town turned down proposals to appropriate the additional funds needed to construct the fire station. In March 2012, the voters approved a warrant article for the construction of the fire station.

In March 2012, the petitioners filed an action in the superior court seeking a declaratory judgment and writ of mandamus. The petitioners sought the refund of impact fees that they had paid more than six years earlier. The petition sought a declaration that the Town's expenditure of the funds for pre-construction activity violated both the impact fee statute, RSA 674:21, V(e), and the Town ordinance. It further alleged that, because the Town had failed to lawfully use the impact fees within six years, the petitioners were entitled to a refund. A short time later, Gerald Gagnon, Sr. intervened in the matter, arguing that, as successor-in-interest to Woodview Development Corporation, he was entitled to a refund of impact fees that the corporation had paid prior to selling its properties.

In its answer, the Town denied the petitioners' claim that using the impact fees for feasibility studies, and to pay for architectural drawings and

construction estimates was contrary to the impact fee statute and Town ordinance. The Town also filed a motion to dismiss. The Town argued that, under the ordinance, only a current property owner is entitled to a refund of impact fees. Because the petitioners no longer own the properties which had been developed, the Town argued that the petitioners lacked standing to seek a refund of the impact fees. The petitioners objected to the motion to dismiss on the ground that the Town lacked the authority under RSA 674:21, V(e) to enact an ordinance directing refunds to be paid to the current property owners.

The trial court agreed with the Town. It found that RSA 674:21, V(e) did not prevent municipalities from choosing to direct refunds to the current property owners. The court concluded that the ordinance was not ultra vires, reasoning that the term "refund" as used in RSA 674:21, V(e) did not require that the fees be returned to the entity that paid them. Accordingly, the trial court ruled that, under the ordinance, the petitioners did not have standing to seek a refund and granted the Town's motion to dismiss. This appeal followed.

"Generally, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the petitioners' pleadings are sufficient to state a basis upon which relief may be granted." Avery v. N.H. Dep't of Educ., 162 N.H. 604, 606 (2011). "To make this determination, the court would normally accept all facts pled by the petitioners as true, construing them most favorably to the petitioners." Id. "When the motion to dismiss does not challenge the sufficiency of the petitioners' legal claim but, instead, raises certain defenses, the trial court must look beyond the petitioners' unsubstantiated allegations and determine, based on the facts, whether the petitioners have sufficiently demonstrated their right to claim relief." Id. (quotation and brackets omitted). "A jurisdictional challenge based upon lack of standing is such a defense." Id. at 607. "Since the relevant facts are not in dispute, we review the trial court's determination on standing de novo." Id.

On appeal, the petitioners argue that the trial court erred in interpreting "refund" as used in RSA 674:21, V(e) to allow payment of the unencumbered impact fees to the current property owners. The Town counters that the trial court correctly ruled that the Town ordinance falls within the parameters established by the legislature.

Deciding the issue before us requires that we interpret the impact fee statute. "Statutory interpretation is a question of law that we review de novo." EnergyNorth Natural Gas v. City of Concord, 164 N.H. 14, 16 (2012). "We are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." Id. "In interpreting a statute, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." Id. "Furthermore, we interpret statutes in the context of the overall statutory scheme and not in isolation." Id. "This enables us to better discern the legislature's intent and to interpret

3

statutory language in light of the policy or purpose sought to be advanced by the statutory scheme." Petition of Eskeland, 166 N.H. ___, ___ (decided August 8, 2014) (quotation omitted). "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." Eaton v. Eaton, 165 N.H. 742, 745 (2013) (quotation omitted).

When a municipality enacts an ordinance pursuant to a grant of authority by the legislature, "the municipality must exercise [its] power in conformance with the enabling legislation." Cmty. Res. for Justice v. City of Manchester, 154 N.H. 748, 754 (2007) (quotation omitted) (addressing a municipality's zoning power under RSA 674:16, I). If a town enacts an ordinance "for considerations or purposes not embodied in an enabling act, it will be held invalid . . . as an ultra vires enactment" beyond the scope of the delegated authority. Id. (quotation omitted).

The Town enacted the ordinance at issue pursuant to its authority to adopt innovative land use controls under RSA 674:16, II. Impact fees are among the types of innovative land use controls specifically identified in the enabling statute. See RSA 674:21, I(m) (2008). Impact fees are assessments imposed upon development "in order to help meet the needs occasioned by [a] development for the construction or improvement of capital facilities," RSA 674:21, V, thereby enabling "a municipality to shift the cost for capital improvements necessitated by a development to the developer and new residents." Upton v. Town of Hopkinton, 157 N.H. 115, 119 (2008) (quotation omitted).

The statutory provision at issue here states that a municipal impact fee ordinance:

> shall establish reasonable times after which any portion of an impact fee which has not become encumbered or otherwise legally bound to be spent for the purpose for which it was collected shall be refunded, with any accrued interest. Whenever the calculation of an impact fee has been predicated upon some portion of capital improvement costs being borne by the municipality, a refund shall be made upon the failure of the legislative body to appropriate the municipality's share of the capital improvement costs within a reasonable time. The maximum time which shall be considered reasonable hereunder shall be 6 years.

RSA 674:21, V(e) (emphases added). The term "refund" is not defined in the statute. See generally RSA ch. 674 (2008 & Supp. 2013). Nor does RSA 674:21, V(e) explicitly address whether the unencumbered impact fees must be returned to the entity that paid them, or whether they may be paid to another entity.

The petitioners argue that, in the absence of a stated recipient for unencumbered or unspent fees, "refund" must be given its plain meaning, which they suggest is "to pay back or to reimburse." Consequently, they assert that the unencumbered fees must necessarily be paid to the original payor or its successor in interest. The Town counters that the statute, when read as a whole, compels the conclusion that the legislature chose not to limit payment of refunds to the original payor. Alternatively, the Town argues that, to the extent that the silence in the statute regarding who may receive a refund creates an ambiguity that allows us to look to the legislative history, that history supports a broad definition of "refund." In contrast, the petitioners contend that the legislative history supports their interpretation of the term "refund."

When a term is not defined in the statute, we look to its common usage, using the dictionary for guidance. See Caparco v. Town of Danville, 152 N.H. 722, 726 (2005). Webster's Third New International Dictionary defines "refund" as either "to give or put back" or "to return (money) in restitution, repayment, or balancing of accounts." Webster's Third New International Dictionary 1910 (unabridged ed. 2002). Black's Law Dictionary provides that a "refund" is "[t]he return of money to a person who overpaid, such as a taxpayer who overestimated tax liability or whose employer withheld too much tax from earnings." Black's Law Dictionary 1472 (10th ed. 2014). Neither of these definitions explicitly states that the original payor is the only entity that is eligible to receive a "refund."

We construe the meaning of statutory language "not in isolation, but together with all associated sections," and consequently our interpretation of "refund" is informed by its use elsewhere in the statute. Appeal of Thermo-Fisher Scientific, 160 N.H. 670, 672-73 (2010). The term "refund" is also used in connection with unused exactions in RSA 674:21, V(j). Exactions are fees charged to a developer for off-site improvements needed for the occupancy of a development. See RSA 674:21, V(j). Exaction fees exist and are regulated under state law; although they are levied by municipalities, there is no requirement that a municipality adopt an exaction fee ordinance in order to lawfully collect exactions. See id. In contrast, impact fees may be imposed only if a municipality has adopted an impact fee ordinance. See Upton, 157 N.H. at 119.

Under RSA 674:21, V(j), when an exaction is predicated upon a municipality paying a portion of the improvement's cost, and the municipality fails to appropriate its share of the cost within six years, "a refund of any collected exaction shall be made to the payor or payor's successor in interest." On appeal, neither side argues that "successor in interest" as used in the exaction statute means anything other than the developer's business successor. Assuming without deciding that this is the proper interpretation, we observe that the mandatory refund language in the exaction fee statute –

directing that a refund "shall be made to the payor or payor's successor in interest" – is absent from the impact fee statute, RSA 674:21, V(e). The petitioners argue, in effect, that this refund language should be imported into the impact fee statute. This we decline to do. Such would "add language that the legislature did not see fit to include." See Eaton, 165 N.H. at 745 (quotation omitted). Moreover, if, as the petitioners argue, the term "refund" can only mean payment by the municipality to the payor or the payor's successor in interest, then the explicit directive in the exaction statute that refunds be made to the "payor or payor's successor in interest" would be redundant and unnecessary. See State v. Collyns, 166 N.H. ___, ___, 99 A.3d 300, 303 (2014) ("We must give effect to all words in a statute, and presume that the legislature did not enact superfluous or redundant words." (quotation omitted)).

We note that the impact fee statute, RSA 674:21, V(e), was enacted in 1991, and that the exaction language in RSA 674:21, V(j) was enacted more than a decade later, in 2004. See Laws 1991, 283:2; Laws 2004, 199:3. The fact that the legislature used different language when it subsequently addressed exactions supports the conclusion that the legislature did not intend the two sections to have identical meanings. See State Employees Assoc. of N.H. v. N.H. Div. of Personnel, 158 N.H. 338, 345 (2009) ("[W]here the legislature uses different language in related statutes, we assume that the legislature intended something different." (quotation omitted)).

We also observe that courts in other jurisdictions have held that a "refunded" fee can be paid to an entity other than the original payor. See, e.g., Washington Urban League v. F.E.R.C., 886 F.2d 1381, 1386 (3d Cir. 1989) ("The fact that the party receiving the 'refund' never actually overpaid the amounts in the refunds to the refunding party should not preclude the use of the word 'refund' to describe the transaction."); Texas Eastern Transmission Corp. v. Federal Power Com'n, 414 F.2d 344, 348-49 (5th Cir. 1969) (declining to interpret refund as requiring payment to "the one who is out of pocket" because such an interpretation "would do violence to the statutory scheme"); Southern County Mut. Ins. v. Surety Bank, 270 S.W.3d 684, 688-89 (Tex. App. 2008) (allowing insurance premium refunds to go to a non-payor); Lake Cty. Bd. of Rev. v. Prop. Tax App. Bd., 519 N.E.2d 459, 461-62 (Ill. 1988) (construing "refund" to allow a county to offset its obligation to repay tax overpayment against payor's future tax obligations).

The petitioners also argue that the trial court's interpretation of RSA 674:21, V(e) would lead to an inconsistent treatment of developers. The petitioners cite RSA 674:21, V(d), which allows a municipality and developer to agree upon a payment schedule for impact fees, and posit that there could be an agreement under which a developer is not obligated to pay the impact fee until the Town first pays its share of the capital expense. The petitioners argue that, under such circumstances, in the event that the Town fails to pay its

share within six years, the developer would be relieved of its obligation to pay the impact fee, and it would retain money that otherwise would have been paid. The petitioners contrast that situation with one in which a developer has paid the fees upfront, observing that, if a refund becomes due under the Town's ordinance after the developer has sold its properties, the Town would refund the fees to the current property owners. The petitioners argue that, in the first scenario, the fees would have been "refunded" to the developer – the original payor. Notwithstanding this hypothetical inequity, however, we are not persuaded that a different result is warranted.

We will briefly address the petitioners' remaining arguments. The petitioners argue that the legislative history supports their interpretation of "refund." However, because we do not find the term "refund" ambiguous when read in the context of the entire statute, we do not consider the legislative history. See Clare v. Town of Hudson, 160 N.H. 378, 384-85 (2010) ("Unless we find the statutory language to be ambiguous, we will not examine legislative history." (quotation omitted)). Finally, to the extent that the petitioners argue on appeal that the trial court's interpretation of RSA 674:21, V(e) effects a taking of their property without just compensation, we observe that the petitioners did not challenge the constitutionality of the statute in the trial court. Moreover, in its order, the trial court did not address the constitutionality of either the Town's ordinance or RSA 674:21, V(e), nor did the petitioners raise the issue in their motion for reconsideration. Accordingly, we find that this argument was not adequately preserved for our review, and we decline to address it. See Dukette v. Brazas, 166 N.H. 252, 255 (2014) (declining to address issue on appeal when the record did not support the party's assertion that it was raised before the trial court).

For the foregoing reasons, we agree with the trial court's interpretation of "refund" as it is used in RSA 674:21, V(e), and conclude that the Town was within its authority to enact an ordinance directing that any refund of impact fees be paid to the current property owner. See RSA 674:16; :21, V. Because there is no dispute that the petitioners no longer own any of the properties for which they paid the impact fees at issue, we conclude that the petitioners have no standing to seek a refund of the unencumbered fees. Accordingly, the trial court did not err when it dismissed the case.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, and LYNN, JJ., concurred.

7