NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2014-0291


TOWN OF LONDONDERRY

v.

MESITI DEVELOPMENT, INC. & a.

Argued: May 7, 2015
Opinion Issued: December 4, 2015


Ramsdell Law Firm, P.L.L.C., of Concord (Michael D. Ramsdell and Patrice M. Scott on the brief, and Mr. Ramsdell orally), for the petitioner.


Baroff Professional Association, of Bedford (Patricia M. Panciocco on the brief and orally), for the respondents.


HICKS, J. The respondents, Mesiti Development, Inc., JVL Construction Company, Inc., and Brook Hollow Corporation, appeal an order of the Superior Court (Wageling, J.) dismissing their counterclaims against the petitioner, Town of Londonderry (Town). We affirm and remand.

The following facts are derived from the trial court's order or appear in the record. On July 13, 2012, the Town filed a bill of interpleader in superior court to determine whether $264,517.02 in surplus impact fees collected under the Town's impact fee ordinance should be refunded to the developers who paid

the impact fees or to the current owners of the properties for which the fees had been paid. Although the Town's impact fee ordinance specifies that the current owners are entitled to the refunds, the Town sought to confirm that the ordinance is consistent with the impact fee statute. See RSA 674:21, V (Supp. 2014).

The bill listed seventeen properties and their respective impact fee payors and current owners. Additional parties intervened thereafter. Several parties, including the respondents, moved to add counterclaims alleging, among other things: (1) violations of RSA 674:21, V; (2) negligence; (3) violation of fiduciary duties owed to impact fee payors; (4) violation of the public trust in government; and (5) violation of the municipal budget law, see RSA 32:8 (2000). The Town filed a motion to dismiss these counterclaims, which the trial court granted. This appeal followed.

We note that, although the respondents filed this appeal under Supreme Court Rule 7, it is unclear whether the trial court's order resolved all of the pending claims to impact fee refunds. See Sup. Ct. R. 7. To the extent this is an interlocutory appeal, we waive the requirements of Rule 8 and will treat this appeal as such. See Sup. Ct. R. 1, 8.

In reviewing the trial court's grant of a motion to dismiss counterclaims, our standard of review is whether the allegations in the counterclaimants' pleadings are reasonably susceptible of a construction that would permit recovery. See In re Estate of Mills, 167 N.H. 125, 127 (2014). Although we assume the truth of the facts alleged in the counterclaimants' pleadings and construe all reasonable inferences in the light most favorable to them, we will uphold the granting of the motion to dismiss if the facts pleaded do not constitute a basis for legal relief. See Estate of Ireland v. Worcester Ins. Co., 149 N.H. 656, 658 (2003).

The respondents contend that the trial court erred in dismissing their negligence claim even though the Town violated the standard of care and duties imposed by RSA 674:21, V by: (1) breaching its fiduciary duties in administering the impact fee ordinance; and (2) failing to "insure its impact fee assessments . . . have a rational nexus, are proportional and specially benefit new development." They also argue that the trial court erred by: (1) ruling that "the Town's confirmed maladministration and malfeasance was not the harm the Legislature intended to protect against and the Respondents were not members of the class RSA 674:21[, V] intended to protect"; and (2) failing to acknowledge that the Town withdrew an earlier representation that it would refund fees assessed for state roads.

The Town argues that this appeal should be dismissed because, among other things, none of the questions presented in the respondents' brief — with the possible exception of the fourth question — coincides with any of the twelve

2

questions raised in their notice of appeal, and the fourth question, even if arguably raised in the notice of appeal, was not briefed.  "An argument that is not raised in a party's notice of appeal is not preserved for appellate review." State v. Blackmer, 149 N.H. 47, 49 (2003).  Thus, ordinarily, "we will not review any issue addressed in [an appellant's] brief that [the appellant] did not also raise in his notice of appeal."  Id.  We also deem waived issues that are raised in the notice of appeal but are not briefed.  State v. Berry, 148 N.H. 88, 93 (2002).  Further, Supreme Court Rule 16 provides, in pertinent part:

> While the statement of a question [in the party's brief] need not be worded exactly as it was in the appeal document, the question presented shall be the same as the question previously set forth in the appeal document.  The statement of a question presented will be deemed to include every subsidiary question fairly comprised therein.

Sup. Ct. R. 16(3)(b).

The fourth question presented in the respondents' brief, although arguably raised in their notice of appeal, was not addressed in the body of their brief.  Accordingly, we deem that issue waived.  See Berry, 148 N.H. at 93. Eight additional questions listed in the respondents' notice of appeal but not mentioned at all in their brief are similarly deemed waived.  See id. Furthermore, we note that the respondents explicitly waived any challenge to the dismissal of counterclaims IV, V, and VI.

None of the first three questions presented in the respondents' brief is precisely the same as any question presented in their notice of appeal.  Both the second question in the brief and question seven in the notice of appeal, however, refer to an alleged breach of fiduciary duties either imposed or "voluntarily assumed" under RSA 674:21, V, and are arguably sufficiently similar to warrant review.  Question nine of the notice of appeal asks, in relevant part: "Did the trial court err when it failed to see that . . . the legislature adopted RSA 674:21[, V] to protect[] the constitutional rights of all parties to the process, including the Respondents?"  The first question presented in the respondents' brief challenges the dismissal of their negligence claim by asking whether the trial court erred in ruling that "the Town's confirmed maladministration and malfeasance was not the harm the Legislature intended to protect against and the Respondents were not members of the class RSA 674:21[, V] intended to protect."  The third question in the brief asks whether "the trial court err[ed] by dismissing the Respondents['] negligence claim when RSA 674:21[, V] required [that] the Town insure its impact fee assessments . . . have a rational nexus, are proportional and specially benefit new development but failed to do so."  Arguably, these questions are related to question nine in the notice of appeal.

3

Ultimately, we need not decide whether the first three questions presented in the respondents' brief are "fairly comprised," Sup. Ct. R. 16(3)(b), within questions seven and nine in their notice of appeal; we will assume, without deciding, that they are. Nevertheless, we are mindful that "[t]he statement of questions presented, along with specific references to the record, provide evidence of preservation of the issues for appeal and apprise the [opposing party] and the court of the issues presented on appeal." Mahmoud v. Irving Oil Corp, 155 N.H. 405, 406 (2007) (emphasis added).

The Town argues that "[t]his case presents similarly confusing and burdensome circumstances" as Mahmoud and that its "counsel can only hazard a guess as to which issues, if any, this Court will deem capable of review." We note, however, that the questions that the respondents did brief address the trial court's rulings on the merits, and the Town, in turn, defends those rulings in its brief. Thus, the issues were before the trial court and, although inartfully raised in the notice of appeal, have been briefed by both parties. Nonetheless, we caution parties in the future to adhere to Rule 16.

The Town next contends that we should affirm the trial court's dismissal of the respondents' counterclaims because the respondents lack standing under our decision in K.L.N. Construction Co. v. Town of Pelham, 167 N.H. 180 (2014). Because this argument was first raised on appeal, we note that standing is a question of subject matter jurisdiction, Duncan v. State, 166 N.H. 630, 640 (2014), and that "[a] challenge to subject matter jurisdiction may be raised at any time during the proceeding, including on appeal." Close v. Fisette, 146 N.H. 480, 483 (2001).

K.L.N., like this case, involved the refund of surplus impact fees. "Impact fees are charges assessed by a municipality to shift the cost for capital improvements necessitated by a development to the developer and new residents." Upton v. Town of Hopkinton, 157 N.H. 115, 119 (2008) (quotation omitted); see RSA 674:21, V (defining impact fee, in part, as "a fee or assessment imposed upon development . . . in order to help meet the needs occasioned by that development for the construction or improvement of capital facilities owned or operated by the municipality"). "They are functionally the same as the developer exactions traditionally made as part of the subdivision or site review process." Upton, 157 N.H. at 119 (quotation omitted).

RSA 674:21, V(e) provides, in part, that an impact fee ordinance "shall establish reasonable times [not longer than six years] after which any portion of an impact fee which has not become encumbered or otherwise legally bound to be spent for the purpose for which it was collected shall be refunded, with any accrued interest." RSA 674:21, V(e). In K.L.N., we held that the term "refund" did not require surplus fees to be returned to the developers who had paid them, but, rather, could be read to allow the payment of such fees to the current owners of the properties for which the fees had been assessed. K.L.N.,

167 N.H. at 183, 187-88.  We therefore concluded that the Town of Pelham "was within its authority to enact an ordinance directing that any refund of [unspent or unencumbered] impact fees be paid to the current property owner[s]" rather than to the developers.  Id. at 187-88.  Accordingly, we upheld the dismissal of the action by real estate developers, holding that because the developers undisputedly no longer owned the properties for which the impact fees at issue had been paid, they lacked standing to seek a refund of unencumbered fees.  Id.

Relying upon K.L.N., the Town argues that "[b]ecause [the respondents] asserted their claims as fee payors and Londonderry's ordinance requires that refunds be paid to current property owners, [the respondents] lack standing to pursue refunds or otherwise allege counterclaims based on their payment of impact fees for properties they no longer own."  We agree with the Town in part. K.L.N. is controlling as to the respondents' entitlement to a refund of legally assessed, but unspent or unencumbered, impact fees.  The respondents conceded at oral argument that they are not the current owners of the properties that were subject to the impact fees at issue in this case.

We note that although we decided K.L.N. after the trial court issued the order appealed in this case, there is no question that K.L.N. applies.  In K.L.N., we neither held, explicitly or implicitly, that our holding would have only prospective application, nor did we reserve the question for a later determination.  To the contrary, we applied our holding to the litigant then before the court.  Accordingly, our holding in K.L.N. applies to the case now before us.  See Estate of Ireland, 149 N.H. at 660.  In addition, although the respondents urge us to overrule K.L.N., they fail to address, let alone satisfy, any of the factors for deviating from stare decisis.  See, e.g., Alonzi v. Northeast Generation Servs. Co., 156 N.H. 656, 660 (2008).  Accordingly, we decline to overrule K.L.N.

Nevertheless, the respondents' counterclaims are not limited to seeking a refund of surplus fees.  The respondents allege that impact fees were both improperly assessed and improperly expended, and, in their statement of counterclaims, they requested that the trial court "[o]rder the Town to return all impact fees collected from new development."  (Emphasis added.) Accordingly, we now turn to the merits of those claims.

The respondents first contend that the trial court erred in dismissing their negligence claim because the Town breached the fiduciary duties imposed by RSA 674:21, V by negligently administering its impact fee ordinance.  The alleged fiduciary duties arise, according to the respondents, from the statute's "requiring impact fees to be held in segregated accounts and not allowing their withdrawal until an order from the governing body is approved."  The respondents contend that this statutory scheme renders the Town an "escrow agent for those funds from which arises a fiduciary duty to apply those funds

5

in accordance with the statute." They argue that "[a]s an escrow agent, the Town is entrusted with the personal property of fee payers in the form of impact fee and exaction payments AND a contingent property right to receive an impact [fee] refund if the voters do not act."

We have recognized that RSA 674:21 "comprehensively regulates the municipality's implementation of [impact] fees." Clare v. Town of Hudson, 160 N.H. 378, 385 (2010). We noted, for instance, that

> RSA 674:21, V(c) requires that "[a]ny impact fee shall be accounted for separately, shall be segregated from the municipality's general fund . . . and shall be used solely for the capital improvements for which it was collected." By imposing this requirement, as well as the requirement in RSA 674:21, V(a) that the impact fee not be used for construction or improvements not occasioned by the development, the legislature has established that towns are not entitled to collect and expend impact fees for purposes other than those for which they were collected.

Id.

Violation of these requirements, however, does not necessarily amount to a violation of fiduciary duty. "A fiduciary has a duty, created by his undertaking, to act primarily for another's benefit in matters connected with such undertaking." Appeal of Concerned Corporators of Portsmouth Sav. Bank, 129 N.H. 183, 203 (1987) (quotation omitted). Although RSA 674:21, V imposes duties upon the Town, it does not impose them primarily for the respondents' benefit. Indeed, the statute does not require the Town to hold collected impact fees for the benefit of the original payors and return them to the payors if unspent. Rather, the statutory mandate to refund unspent fees may be satisfied by paying the funds to current property owners rather than to the original fee payors. See K.L.N., 167 N.H. at 187-88. Accordingly, RSA 674:21, V does not, as the respondents contend, designate the Town as an escrow agent to hold impact fees for the benefit of fee payors and does not impose upon the Town fiduciary duties owed to the respondents.

The respondents next argue that the trial court erred in dismissing their claim that the Town has been negligent in "shifting a disproportionate share of new capital facility costs to new development." More specifically, the respondents contend that the Town was "negligent when it arbitrarily established impact fee amounts which failed to meet the express requirements of rational nexus, proportionality and special benefit to the fee payer." They further assert that this breached the standard of care imposed by RSA 674:21, V.

6

RSA 674:21, V(a) provides, in part, that "[t]he amount of any [impact] fee shall be a proportional share of municipal capital improvement costs which is reasonably related to the capital needs created by the development, and to the benefits accruing to the development from the capital improvements financed by the fee." RSA 674:21, V(a). Although Count I of the respondents' statement of counterclaims alleges that "the Town's disproportionate shift of capital costs onto new development" constituted a direct violation of RSA 674:21, V, the pertinent questions presented in the respondents' brief refer solely to their negligence claim — Count II of their counterclaims. The respondents do not address in their brief the issue of whether the legislature intended violation of RSA 674:21, V to give rise to civil liability. See Marquay v. Eno, 139 N.H. 708, 713 (1995) (explaining standard as to whether statute creates an expressed or implied cause of action). Accordingly, we restrict our review to the dismissal of Count II only.

As characterized by the trial court, Count II "asserts an action for negligence based on the Town's negligent supervision of its employees and/or negligent implementation of an impact fee program." The court further characterized the respondents' claim as an implicit action for negligence per se based upon a standard of care set by RSA 674:21, V.

"The doctrine of negligence per se . . . provides that where a cause of action . . . exist[s] at common law, the standard of conduct to which a defendant will be held may be defined as that required by statute, rather than the usual reasonable person standard." Id. Implicitly recognizing that a viable negligence claim requires the existence of a duty owed by the defendant to the plaintiff, see Lahm v. Farrington, 166 N.H. 146, 149 (2014), we explained in Marquay that the inquiry into "whether the plaintiff could maintain an action at common law" is an inquiry into whether "the defendant owe[d] a common law duty of care to the plaintiff." Marquay, 139 N.H. at 714.

Although the trial court noted that the respondents had to "demonstrate that a common law right of action exists before they can rely on the statutory standard of care embodied in RSA 674:21, V," it did not address that requirement in its analysis. Instead, it considered only the remaining requirements of the negligence per se test:

> If a common law duty does exist and there is an applicable statute, the defendant, in a negligence action, will be held to the statutory standard of conduct if the plaintiff is in a class the legislature intended to protect, and the harm is of a type the legislature intended to prevent.

Id. at 714. The trial court concluded that the respondents failed to state a negligence per se cause of action because they are not members of the class of persons RSA 674:21, V is intended to protect and "their alleged harm —

7

overpayment of impact fees — is [not] of the type which the statute intended to protect against."

"[W]e concur with the trial court's result, albeit for different reasons." Handley v. Town of Hooksett, 147 N.H. 184, 189 (2001); see id. at 189-90 (noting that "[t]his court will sustain the decision of the trial court if there are valid alternative grounds to support it").  Because the inquiries into protected class and protected-against harm come into play only when a common law duty exits, and because "[w]hether a duty exists in a particular case is a question of law," Lahm, 166 N.H. at 149, we address the first requirement of the negligence per se test.

Here, the respondents alleged that the Town was negligent in administering its impact fee ordinance and in supervising its employees who administered the ordinance.  They have failed, however, to identify a common law duty underlying either claim.

"A municipality does not assume a duty merely by virtue of having enacted regulations."  Stillwater Condo. Assoc. v. Town of Salem, 140 N.H. 505, 507 (1995).  With respect to the administration of the ordinance, the respondents have articulated no common law duty owed to them by the Town, such that breach of that duty by the Town would entitle them to tort damages. With respect to their negligent supervision claim, the respondents must establish, as an element, an underlying tort or other wrongful act committed by Town employees.  See, e.g., Haverly v. Kaytec, Inc., 738 A.2d 86, 91 (Vt. 1999). The respondents have failed to identify any such tort or wrong distinct from the alleged failure to follow RSA 674:21, V — which alleged failure comprises their negligent administration claim.  See id.

In the absence of a common law duty, a "plaintiff cannot maintain a negligence action, even though the defendant has violated a statutory duty." Marquay, 139 N.H. at 714.  We therefore conclude that the respondents have failed to state a claim for negligence and accordingly affirm the trial court's dismissal of count II.  Having reached this conclusion on alternative grounds, we express no opinion as to the trial court's rulings on whether the respondents are in a class the legislature intended to protect, and whether the harm they allege is of a type the legislature intended to prevent.

Finally, the respondents devote a portion of their brief to a discussion of an amendment to RSA 674:21, V dealing with the use of impact fees on state highways.  The Town initially indicated that it would refund impact fees it had collected for, or expended on, state highways.  It conceded, in its bill of interpleader, that "[t]he assessment and collection of impact fees for impacts on state highways are not allowed because state highways are not 'owned or operated by the municipality.'"  (Quoting RSA 674:21, V.)  In a later memorandum, however, the Town asserted that it was not required to refund

these fees and cited, in support, an amendment to RSA 674:21, V that the Town stated it had been unaware of at the time it filed its bill. Specifically, the Town cited RSA 674:21, V(k), which was added to the statute in 2012 and provides, in relevant part: "Revenue from impact fees imposed upon development and collected by a municipality under RSA 674:21, V for construction of or improvement to municipal road systems may be expended upon state highways within the municipality only for improvement costs that are related to the capital needs created by the development." RSA 674:21, V(k).

The respondents assert that this amendment "was intended to allow municipalities to keep the State road impact fees they had illegally assessed" and argue that we must find it "to have no force or effect." We infer that the respondents seek to have us strike down the amendment on constitutional grounds, as they contend that the amendment "attempts to grant municipalities a 'pass' at the expense of the constitutional rights of fee payers which requires consideration of rational nexus, proportionality and special benefits."

This argument is not raised as a question presented in the respondents' brief and, is not even arguably the same as, or comprised within, any question presented in the respondents' notice of appeal. See Sup. Ct. R. 16(3)(b). Accordingly, this issue is not preserved for appellate review and we decline to address it. See Blackmer, 149 N.H. at 49.

Affirmed and remanded.

CONBOY, J., and VAUGHAN, J., retired superior court justice, specially assigned under RSA 490:3, concurred.

9