# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0441, <u>David Pelletier & a. v. Town of Rye</u>, the court on April 27, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The appellants, David and Karen Pelletier, appeal an order of the Superior Court (<u>Honigberg</u>, J.) upholding a decision of the Town of Rye Planning Board that approved the site plan and special permit application of the Samonas Realty Trust (the Developer).  We affirm.

The trial court's order recites, or the record establishes, the following facts.  In May 2018, the Developer began discussing a project proposal with the planning board.  The property is next to a tidal marsh and currently contains ten rental cottages, a house, and a commercial building.  The Developer proposed razing the existing structures and constructing four new buildings, each containing two townhouse units.

The Developer filed applications with the Town of Rye Zoning Board of Adjustment (ZBA) for height and set-back variances.  The ZBA granted the variances and the appellants filed a motion for rehearing, which the ZBA denied.  The appellants then appealed the ZBA's decision to the superior court.  The Developer moved to dismiss the appeal, arguing that the appellants lacked standing.  The Superior Court (<u>Wageling</u>, J.) denied the Developer's motion, concluding, among other things, that the visual impact of the project was a cognizable injury sufficient to establish standing.  After considering the merits of the appeal, the superior court affirmed the ZBA decision.[1]

In January 2019, the Developer applied for a special use permit from the Planning Board pursuant to section 304.6 of the Town of Rye Zoning Ordinance.  <u>See</u> <u>Rye, N.H., Zoning Ordinance</u> § 304.6(B) (2019).  Section 304.6 is titled "Tourist Accommodation Uses" and its stated purpose is "to allow land housing tourist accommodation uses which may have become economically or functionally obsolete to be redeveloped in residential use at densities compatible with the density of the surrounding area."  <u>Id</u>. § 304.6(A).  Over the

---

[1] Although the parties have not provided a copy of the court's decision, the Developer represented in its brief and at oral argument that, following a hearing on the merits, the court affirmed the ZBA decision, a point which the appellants do not dispute.

next two years, the planning board held six public hearings to receive input on the project. The trial court found that the planning board received multiple written reports regarding "surface water, flooding, traffic management, impervious surfaces, use and density, the existing natural wetlands, and every other relevant aspect of the proposed development." The appellants or their counsel often appeared at the hearings and site-walk and submitted comments in opposition to the project. At the request of the planning board, the Developer ultimately reduced the number of buildings from four to three, and the total number of units from eight to six.

At the January 2020 hearing, the planning board voted that the proposal satisfied Town of Rye Zoning Ordinance § 304.6(H). That section directed the board to "determine, by a vote on the record," that the proposed redevelopment satisfied six standards, including that "[t]he granting of the Special Use Permit will not be detrimental to adjacent property or the neighborhood," and that "[t]he architecture of the proposed dwellings is compatible with the architecture of dwellings located within 300 feet of the site." Id. § 304.6(H)(2), (5). After voting that the standards were met, the planning board voted to grant conditional approval for the Developer's special use permit, including thirty-four conditions to be satisfied.

In February 2020, the appellants submitted a petition to the superior court appealing the conditional approval pursuant to RSA 677:15. See RSA 677:15 (2016). The Developer intervened in the action. In their petition, the appellants argued that conditional approval was unreasonable and unlawful because it precluded public input and consideration of unresolved issues. The appellants also contended that the decision was unlawful because the project was modified such that the variances were no longer valid. And lastly, the appellants asserted that "the Record will demonstrate that there was no evidence" to support the planning board's conclusion that Town of Rye Zoning Ordinance § 304.6(H)(2) and (5) were satisfied. In September 2020, the appellants filed a memorandum of law which reiterated these arguments.

The superior court determined that it lacked jurisdiction, stayed the case, and remanded it to the planning board to determine whether the conditions were satisfied. Following a compliance hearing in February 2021, the planning board found that the conditions were met and rendered final approval. The superior court lifted the stay and held a hearing in April 2021. And in August 2021, the superior court affirmed the planning board's decision to grant final approval of the project. The appellants filed a motion for reconsideration, which the court denied. This appeal followed.

As a preliminary matter, the Developer and the Town of Rye filed a motion to strike portions of the appellants' appendix that they assert contain

material not submitted to the planning board or superior court.[2]  Because the disputed materials do not affect our analysis, however, we need not address whether they are properly part of the record.

The trial court's review of a planning board's decision is limited. Trustees of Dartmouth Coll. v. Town of Hanover, 171 N.H. 497, 503-04 (2018). The trial court must treat the factual findings of the planning board as prima facie lawful and reasonable and cannot set aside its decision absent unreasonableness or an identified error of law.  Id. at 504.  The appealing party bears the burden of persuading the trial court that, by the balance of probabilities, the board's decision was unreasonable.  Id.  The trial court determines, not whether it agrees with a planning board's findings, but rather whether there is evidence upon which its findings could have been reasonably based.  Id.

Our review is similarly limited.  We will reverse a trial court's decision on appeal only if it is not supported by the evidence or is legally erroneous.  Id. We review the trial court's decision to determine whether a reasonable person could have reached the same decision as the trial court based on the evidence before it.  Id. (quotation omitted).

On appeal, the appellants first argue that the trial court's order is "unreasonable and illegal" because its findings "violate collateral estoppel." The appellants rely on the earlier decision by the Superior Court (Wageling, J.) in the separate ZBA appeal, which found that the visual impact of the project was a cognizable injury and that the appellants therefore had standing to challenge the ZBA decision.  They assert that this decision on standing conclusively established that there was a "detrimental impact" in violation of Town of Rye Zoning Ordinance § 304.6(H)(2).  We disagree.

Collateral estoppel applies when, among other requirements, "the first action resolved the issue finally on the merits."  Tyler v. Hannaford Bros., 161 N.H. 242, 246 (2010).  A finding that a party has standing to appeal from a ZBA decision, however, is not a final resolution on the merits.  See City of Hope Nat. Medical Ctr. v. Healthplus Inc., 156 F.3d 223, 228 (1st Cir. 1998) ("The standing inquiry does not focus on the merits of the dispute.  It focuses only on 'whether the litigant is entitled to have the court decide the merits of the dispute.'" (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975))); see also Town of Londonderry v. Mesiti Dev., 168 N.H. 377, 381 (2015) (noting that "standing is a question of subject matter jurisdiction").  Rather, "[s]tanding is the determination of whether a specific person is the proper party to bring a

---

[2] We denied the motion without prejudice to the Developer and Town making the same argument in their brief, but the Developer and Town submitted their brief before the issuance of our order. We note that on appeal, we consider only the "papers and exhibits filed and considered in the proceedings in the trial court."  Sup. Ct. R. 13; Lake v. Sullivan, 145 N.H. 713, 717 (2001).

particular matter to the Court for adjudication." Benjamin v. Aroostook Medical Center, Inc., 57 F.3d 101, 104 (1st Cir. 1995) (quotation omitted); see also Hannaford Bros. Co. v. Town of Bedford, 164 N.H. 764, 770 (2013) ("[W]hether an appealing party is a 'proper party' is a question 'separate from the merits of the appeal.'" (quoting Weeks Restaurant Corp. v. City of Dover, 119 N.H. 541, 545 (1979))). The appellants' emphasis on the trial court's finding of a "cognizable injury" in its standing decision is misplaced. A cognizable injury is not necessarily an actual, existing injury. It is the court's determination that the alleged injury is "[c]apable of being known or recognized" or "capable of being judicially tried or examined before a designated tribunal." Black's Law Dictionary 327 (11th ed. 2019) (defining "cognizable"). Thus, the trial court's finding that the "visual impact" of the project is a cognizable injury to Karen Pelletier's "ability to use and enjoy her property" is merely a finding that the appellants adequately alleged an injury sufficient to confer standing. It is not a final decision on the merits, and, therefore, collateral estoppel does not apply.

The appellants next argue that the superior court erred in upholding the planning board's decision because the granting of the special use permit was detrimental to their property, and thus violated Town of Rye Zoning Ordinance § 304.6(H)(2). The appellants first assert that the proposed development will produce detrimental storm water runoff, but fail to cite anything in the record that demonstrates such an impact. To the contrary, the record reflects that the planning board received evidence that the project will reduce runoff compared to current conditions on the site. The planning board received expert reports from Altus Engineering and Sebago Technics concluding that the project will produce less runoff than under existing conditions. Furthermore, the board received the Developer's application for an Alteration of Terrain permit from the New Hampshire Department of Environmental Services (DES), which included the Developer's drainage calculations. DES granted that permit application.

The appellants assert that the Developer's drainage calculations are flawed. They allege that the existing cottages stand on stilts over gravel foundations which permit water drainage, and, because the calculations assume the cottages are impermeable surfaces, the calculations "thereby significantly overstate the amount of stormwater runoff under existing conditions." The appellants do not, however, identify evidence in the record which contradicts the Developer's calculations. The only evidence that the appellants cite is photographs of the exterior of the cottages, included as part of the Developer's Alteration of Terrain permit application. Absent supporting evidence, neither the planning board nor the trial court was required to accept this theory. The expert reports concluding runoff would be reduced support the planning board's determination, and given this record support, the trial court did not err by upholding that determination.

4

The appellants further assert that the visual impact of the project will be detrimental to their ocean views. The planning board, however, received evidence that the project would not negatively impact the appellants' views of the ocean. The Developer submitted a report from Altus Engineering which concluded that the appellants' views would not be adversely impacted. That report included photographs of the appellants' sightline, which show the negligible impact of the development relative to existing obstructions like foliage and other buildings. The appellants provided no evidence that demonstrates a material visual impact detriment. Accordingly, there was sufficient evidence in the record for the trial court to uphold the planning board's finding that runoff and visual impact would not be detrimental to neighboring properties.

The appellants next argue that the granting of the special use permit violated Town of Rye Zoning Ordinance § 304.6(H)(5) because the project's architecture is not compatible with the architecture of nearby properties. They assert there is "no basis for the Planning Board's conclusion that the project was architecturally consistent." The record contradicts this assertion. At the April 2019 hearing, the project architect presented a slideshow with photos of surrounding buildings along with images of the proposed design, and told the planning board that "the project was developed with a strong focus on . . . the character of the community." The appellants argue that the development is "simply too big" and "not compatible with the scope of similar properties," but cite nothing in the record that shows relative incompatibility. Because the planning board considered the architecture of the development and received evidence that the project was designed to match the character of the community, the trial court had sufficient evidence to uphold the planning board's decision.

Next, the appellants argue that the "Planning Board unreasonably approved the Intervenor's site plan based on the provisions of Rye Zoning Ordinance § 304.6[D]." That section of the ordinance states that the "planning board <u>may</u> require lower densities if necessary to make a proposed redevelopment compatible with its environs based on consideration of such factors such as wetlands . . . septic capability . . . or other characteristics of the site which affect sound land planning." <u>Rye, N.H., Zoning Ordinance</u> § 304.6(D) (emphasis added). The appellants assert that "there is no justification for the Planning Board simply approving a project at maximal septic density that creates substantial developmental impacts on the delicate ecology of the wetland." This challenge is belied by the record and, particularly in light of the reduction from the original eight units to six units, we conclude that the trial court properly determined that the board did not act unreasonably or unlawfully.

Finally, the appellants argue that the planning board's site plan approval was unlawful because the Developer's variances were invalid. The variances at

issue were conditioned on "Planning Board approval of the proposed project without plan modifications affecting these variances." The final plan approved by the planning board differed from the plan approved by the ZBA, and the appellants assert that the changes "clearly invalidated the prior zoning relief." However, the appellants failed to explain to the superior court how the changes affect the variances, and they have failed to do so on appeal. After reviewing the final plan, the Rye Building Inspector concluded that the revised plan still complied with the existing variances. Moreover, a member of the planning board expressly asked the appellants' counsel if the variances had been violated with the changes, and counsel answered "no."

Based upon our review of the record, we conclude that the superior court's decision is neither unsupported by the record nor legally erroneous, and that the court did not err when it determined that the appellants failed to carry their burden to demonstrate that the planning board's decision to grant final approval to the Developer was unreasonable. See Trustees of Dartmouth Coll., 171 N.H. at 504.

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**