Grafton
No. 2006-644

MAHER MAHMOUD

v.

IRVING OIL CORPORATION

Argued: March 22, 2007
Opinion Issued: May 3, 2007

*Martin, Lord & Osman, P.A.*, of Laconia (*Margaret M. Sullivan* on the brief, and *David S. Osman* orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Mark T. Broth* and *Catherine M. Costanzo* on the brief, and *Ms. Costanzo* orally), for the defendant.

GALWAY, J. The plaintiff, Maher Mahmoud, appeals the decision of the Superior Court (*Burling,* J.) affirming the finding of no probable cause by the New Hampshire Commission for Human Rights (HRC) on his complaint of unlawful discrimination by the defendant, Irving Oil Corporation. We affirm.

The record supports the following facts. The plaintiff filed a complaint with the HRC on November 3, 2003, alleging that the defendant discriminated against him because of his ethnicity and/or religion during negotiations for the purchase of one of the defendant's commercial structures. *See* RSA 354-A:10, I (Supp. 2006). On May 19, 2005, the HRC found that there was no probable cause to credit the plaintiff's allegations and dismissed his complaint. RSA 354-A:21, II(a) (Supp. 2006). The HRC granted the plaintiff's motion for reconsideration, but again found no

probable cause. The plaintiff appealed to the superior court, which affirmed the HRC's decision. This appeal followed.

While the plaintiff raises numerous issues for resolution in his notice of appeal, his brief does not include *any* statement of questions presented; nor does it contain specific references to any portion of the record where the issues on appeal were raised and preserved. Supreme Court Rule 16(3) states in pertinent part:

> So far as possible, the brief of the moving party on the merits shall contain in the order here indicated:
>
> . . . .
>
> (b) The questions presented for review, expressed in terms and circumstances of the case but without unnecessary detail. . . . After each statement of a question presented, counsel shall make specific reference to the volume and page of the transcript where the issue was raised and where an objection was made, or to the pleading which raised the issue. Failure to comply with this requirement shall be cause for the court to disregard or strike the brief in whole or in part, and opposing counsel may so move within ten days of the filing of a brief not in compliance with this rule.

The statement of questions presented, along with specific references to the record, provide evidence of preservation of the issues for appeal and apprise the respondent and the court of the issues presented on appeal. "It is the burden of the appealing party to provide this court with a record sufficient to decide the issues raised on appeal and to demonstrate that the appellant raised those issues before the trial court." *Thorndike v. Thorndike*, 154 N.H. 443, 447 (2006) (declining to address petitioner's argument where he failed to cite where the issue was raised below). "[F]ailure of the moving party to comply with these requirements may be considered by the court regardless of whether the opposing party objects on those grounds." *Id.* Here, the defendant raised the issue in its brief, indicating: "It is . . . ambiguous what questions Mr. Mahmoud intends this Court to consider or what questions Irving needs to address in its Brief. Irving has been forced to engage in guesswork as to the issues on appeal." As a result of the rule violation and its effect upon the defendant's brief preparation, the defendant requested that the appeal be dismissed. Thereafter, the plaintiff failed to take any corrective action.

The plaintiff failed to comply with Rule 16(3)(b), he failed to demonstrate that the issues were preserved for appeal and he created

unnecessary burdens for the defendant and the court. Accordingly, we strike his brief and dismiss the appeal. *See* SUP. CT. R. 16(3)(b); SUP. CT. R. 16(12) (failure of party to file brief shall constitute a waiver of the appeal and the case shall be dismissed).

Although we have dismissed the plaintiff's appeal, were we to address the merits of the appeal, we would conclude that the superior court correctly upheld the HRC's decision. RSA 354-A:21, II(a) provides:

> When the investigating commissioner finds no probable cause to credit the allegations in the complaint, the complaint shall be dismissed, subject to a right of appeal to superior court. To prevail on appeal, the moving party shall establish that the commission decision is unlawful or unreasonable by a clear preponderance of the evidence. The findings of the investigating commissioner upon questions of fact shall be upheld as long as the record contains credible evidence to support them.

The superior court ruled that the investigating commissioner properly relied upon the documents submitted by both parties and conducted a thorough analysis with respect to each of the elements of the plaintiff's claim under RSA 354-A:10, I. The record supports the investigating commissioner's finding that the plaintiff failed to make a bona fide offer for the commercial sites and that the defendant did not refuse to sell, negotiate or otherwise make unavailable its property. Furthermore, the record supports the superior court's ruling that there were no procedural violations. Thus, the superior court properly determined that the HRC's decision was neither unlawful nor unreasonable by a clear preponderance of the evidence.

*Affirmed.*

BRODERICK, C.J., and DUGGAN, J., concurred.