Concord District Court
No. 2009-488

THE STATE OF NEW HAMPSHIRE

v.

KIMBERLY THIEL

Argued: April 22, 2010
Opinion Issued: June 30, 2010

*Michael A. Delaney*, attorney general (*Elizabeth C. Woodcock*, assistant attorney general, on the brief and orally), for the State.

*Tony F. Soltani*, of Epsom, on the brief and orally, for the defendant.

CONBOY, J. The defendant, Kimberly Thiel, appeals her conviction in the Concord District Court (*Stephen*, J.) for shoplifting. RSA 644:17, II (2007) (repealed and replaced by RSA 637:3-a (Supp. 2009)). We reverse.

The trial court's order dated June 10, 2009, supports the following facts. The charged event occurred as Thiel was shopping at Wal-Mart. A videotaped recording of Thiel's transaction was introduced at trial. On the video, Thiel was seen using scanning equipment at a check-out station to total up the merchandise she intended to purchase. She scanned several items correctly and asked for help with others. On two occasions, however, she combined items and scanned them in such a way that only one item was added to her bill. She then departed from the sales area with her bags of

groceries and "proceeded to pass the automatic doors that led to the vestibule." One or more Wal-Mart employees stopped Thiel in the vestibule area.

On appeal, the defendant argues, *inter alia*, that in order to be guilty of shoplifting under RSA 644:17, II(a), she must have removed the goods from the merchant's premises. Because she was stopped in Wal-Mart's vestibule, she contends that she did not leave the "premises" within the meaning of the statute.

The State notes first that the defendant has failed to provide a transcript and citations to the record, and, therefore, there is an insufficient basis upon which to consider her claims. The State further asserts that the trial court reasonably interpreted the legislature's use of the word "premises."

We first "examine the threshold question whether an adequate record exists to resolve this issue." *State v. Bergmann*, 135 N.H. 97, 99 (1991). "It is the burden of the appealing party to provide this court with a record sufficient to decide the issues raised on appeal and to demonstrate that the appellant raised those issues before the trial court." *Mahmoud v. Irving Oil Corp.*, 155 N.H. 405, 406 (2007) (quotation omitted); *see also* SUP. CT. R. 16 (3)(b). "Failure of the moving party to comply with these requirements may be considered by the court regardless of whether the opposing party objects on those grounds." *Mahmoud*, 155 N.H. at 406 (quotation and brackets omitted). The purpose of these requirements is to "provide evidence of preservation of the issues for appeal and apprise the respondent and the court of the issues presented on appeal," as well as to ensure that the record before us is sufficiently developed to support a decision on the merits. *Id.*

Here, these requirements have been met. It is clear that the defendant raised her statutory interpretation argument before the trial court, as the trial court's order specifically responds to it. The notice of appeal also presents this argument. This case is thus distinguishable from the cases the State cites, *Mahmoud, Bean v. Red Oak Prop. Mgmt.*, 151 N.H. 248 (2004), *Bergmann*, and *State v. Staples*, 120 N.H. 278 (1980). In those cases, a lack of record of the trial court's proceedings left in doubt the trial court's decision on admissibility of prior convictions, *Staples*, 120 N.H. at 285, or the trial court's reasoning underlying its findings, *Bean*, 151 N.H. at 250; *Bergmann*, 135 N.H. at 100, or even the very issues in dispute, *Mahmoud*, 155 N.H. at 406.

We recognize that, where a case turns upon a factual dispute and we lack a record to review, "we must assume that the evidence was sufficient to support the result reached by the trial court." *Bean*, 151 N.H. at 250.

Here, however, the facts as found by the trial court are not in dispute: Thiel was carrying items for which she had not paid, and she was stopped outside of the sales area but within the vestibule of the store. Our statutory analysis does not require a record more complete than that which is before us. We, therefore, consider the defendant's statutory argument, despite the absence of a transcript of the proceedings below.

The State's complaint charged Thiel with shoplifting under RSA 644:17, II, without alleging any of the enumerated variants. The complaint alleges that Thiel did "remove merchandise, the property of Wal-Mart, merchandise having a total value of $45.86, with a purpose to permanently deprive the owner thereof, in that the defendant stacked similar items, scanned only one, and left the store without paying for some of the merchandise." We consider these allegations as charging variant (a) of the statute, which provides that "[a] person is guilty of shoplifting if, with the purpose of depriving a merchant of goods or merchandise, he knowingly . . . [r]emoves goods or merchandise from the premises of a merchant." RSA 644:17, II(a). Thiel argues that, because she was stopped in the merchant's vestibule, she did not remove goods or merchandise from the premises, and the trial court erred in convicting her under this statute.

"We review questions of statutory interpretation and constitutional questions of law *de novo.*" *State v. Offen,* 156 N.H. 435, 437 (2007). "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *Id.* (quotation omitted). "We construe provisions of the Criminal Code according to the fair import of their terms and to promote justice." *State v. Kousounadis,* 159 N.H. 413, 423 (2009). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. *Id.* "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." *Petition of State of N.H. (State v. Milner),* 159 N.H. 456, 457 (2009). "We must give effect to all words in a statute, and presume that the legislature did not enact superfluous or redundant words." *Id.* "Finally, we interpret a statute in the context of the overall statutory scheme and not in isolation." *Kousounadis,* 159 N.H. at 423.

The shoplifting statute does not define "premises." The trial court interpreted the statute as follows:

> To hold that the premises for the purposes of shoplifting must encompass the vestibule area would give rise to a slippery slope that the court cannot reasonably conclude was intended by the legislature. For example, could it reasonably be argued that "premises" for the purpose of the stature [*sic*] also includes the

parking lot since it is company owned land? The court thinks not. If it did include the parking lot, then someone could not lawfully be prosecuted for shoplifting until he or she gets in [his or her] car and leaves the parking lot and enters the public way. It is more likely that the statutory intent of the legislature was that the sales area is the "premises" for the purposes of a shoplifting complaint. Since the Defendant had exited the sales area when she departed from the cash register area with her groceries all bagged up and then proceeded to pass the automatic doors that led to the vestibule, the court rules that she had left the "premises" for the purposes of RSA 644:17 II.

We disagree with the trial court's interpretation of the statute.

While we need not here define the precise parameters of "premises" as used in the statute, we conclude that the trial court's determination that the defendant left the merchant's premises when she left its sales area is not consistent with the plain and ordinary meaning of the word. *See Kousounadis*, 159 N.H. at 423. "Premises" is generally defined as "the place of business of an enterprise or institution," WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1789 (unabridged ed. 2002), and is not delimited by particular activities within the place of business.

Neither does the statutory scheme support the State's position. RSA 644:17 defines two crimes: willful concealment, RSA 644:17, I, and shoplifting, RSA 644:17, II. RSA 644:17, I, provides: "A person is guilty of willful concealment if, without authority, he willfully conceals the goods or merchandise of any store while still upon the premises of such store. Goods or merchandise found concealed upon the person shall be prima facie evidence of willful concealment." RSA 644:17, II, under which the defendant was charged, defines the relevant variant of shoplifting as follows: "A person is guilty of shoplifting if, with the purpose of depriving a merchant of goods or merchandise, he knowingly . . . [r]emoves goods or merchandise from the premises of a merchant." RSA 644:17, II(a). The distinction between willful concealment and shoplifting under RSA 644:17 occurs at the boundary of the merchant's "premises": within the boundary, the wrongful conduct constitutes "willful concealment"; outside the boundary, the wrongful conduct constitutes shoplifting. Given this distinction, we cannot conclude that the legislature intended the boundary of a merchant's premises to be delineated by its sales area.

We agree with the State that "[t]he statute is intended to punish people for taking merchandise from a store without first paying for it." However, the variant of the statute under which Thiel was charged requires

removal of the merchandise from the merchant's premises. Where, as here, there is no dispute that the merchandise was not removed from even the outer doors of the store, the statutory elements of the charged crime have not been met. While the State may have been able to prove the defendant guilty of attempted theft, *see State v. Harper*, 126 N.H. 815, 818 (1985), or theft, *see State v. Peck*, 140 N.H. 333, 335 (1995), or attempted shoplifting, she was in fact charged with shoplifting by wrongfully removing goods from the merchant's premises. Under these circumstances, we cannot conclude that the State met its burden of proof.

*Reversed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.