# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0564, <u>State of New Hampshire v. David C. Smith</u>, the court on June 9, 2017, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The defendant, David C. Smith, appeals his conviction in the Circuit Court (<u>Bamberger</u>, J.) of violating fish and game laws by hunting for deer with the use of bait out of season. He argues that: (1) the fish and game director lacks statutory authority to create a violation-level offense for baiting out of season; (2) the baiting statute establishes the season for baiting, not the season for hunting with the use of bait; (3) he did not violate the administrative rule relating to "deer taken by the aid and use of bait" because he did not "take" a deer; (4) the statutes and rules relating to baiting are void for vagueness; and (5) he was wrongfully arrested.

The conservation officer testified that he received a report that in a particular location in Canaan, a person was using bait for hunting out of season. The officer went to the location and found apples, whole kernel corn, and a wildlife feeder hanging from a tree. Approximately 20 to 25 yards away, the officer observed a ladder-type tree stand with camouflage material around it, designed to conceal a person sitting in the stand. On the evening of September 26, 2015, the officer returned to the location and observed a person in the tree stand. The defendant descended from the tree stand and admitted that he was hunting deer at the site with a bow and arrow. He also admitted that he placed the bait at the location. The following morning, the officer issued him a summons at his residence for taking deer by the aid and use of bait out of season. <u>See</u> RSA 207:3-d, I (2011); <u>New Hampshire Administrative Rule</u> Fis. 307.03.

RSA 207:3-d, I, provides: "The executive director shall adopt rules, pursuant to RSA 541-A, relative to the opening and closing of the season for the practice of baiting for coyote, furbearing animals, game birds, or game animals with the exception of gray squirrel." The defendant first argues that although RSA 207:3-d, I, authorizes the fish and game director to adopt rules relative to the opening and closing of the baiting season, it does not authorize the director to create an offense for violating any such rules.

We interpret a statute in the context of the overall statutory scheme and not in isolation.  State v. Thiel, 160 N.H. 462, 465 (2010).  Here, we conclude that RSA 207:3-d, I, must be read in conjunction with RSA 206:19-a (2011), which provides, except as noted, that any person convicted of violating the fish and game laws is guilty of a violation.  Reading the statutes together, we conclude that the director has the authority under RSA 207:3-d, I, to adopt rules relative to the opening and closing of the baiting season, the violation of which may result in a conviction for a violation-level offense.

The defendant next argues that RSA 207:3-d, I, relates to the season for baiting, not the season for hunting with the use of bait, the offense for which he was charged.  Under RSA 207:1, II-a (2011), baiting is defined as "[t]he act of placing meat, carrion, honey or any other food or ingestible substance capable of luring or attracting coyote, fur-bearing animals, game birds, or game animals with the exception of gray squirrel."  "Open Season" is defined as "[t]hat period of time during which wildlife may be legally taken or killed."  RSA 207:1, XIX (2011).  "Closed Season" is defined as "[t]hat period of time during which fish, game, wild or fur-bearing animals or marine species may not be taken or killed, and all periods of time not included within the open season."  RSA 207:1, IV (2011).  Construing RSA 207:3-d, I, in the context of the overall statutory scheme, see State v. Thiel, 160 N.H. at 465, we conclude that "baiting," as that term is used in RSA 207:3-d, I, refers to the use of bait for hunting, the offense for which the defendant was charged.

The defendant next argues that he did not violate Fis. 307.03 because the rule relates to "deer taken by the aid and use of bait."  See N.H. Admin. Rules, Fis. 307.03.  He asserts that the rule is not violated unless a deer is taken or killed, and he did not take or kill a deer.  "We use the same principles of construction in interpreting administrative rules as we use with statutes."  Appeal of Boyle, 169 N.H. 371, 375 (2016) (quotation omitted).  We interpret the language in the context of the overall statutory and regulatory scheme.  Id. at 376.  Here, Fis. 307.03 must be read in conjunction with RSA 207:1, XXVII (2011), which defies "take or taking" to include:

> pursuing, shooting, hunting, killing, capturing, trapping, snaring, and netting wildlife, and all lesser acts, such as disturbing, harrying, worrying, wounding, or placing, setting, drawing, or using any net or other device commonly used to take wildlife, whether they result in taking or not, and includes every attempt to take and every act of assistance to every other person in taking or attempting to take wildlife, provided that whenever taking is allowed by law, reference is had to taking by lawful means and in lawful manner.

Because RSA 207:1, XXVII defines "take or taking" to include attempted taking, we conclude that the defendant violated Fis. 307.03, even though he did not

kill a deer. The defendant argues that the statutory definition should not apply here because the legislature defined "take or taking" in the present tense, whereas the director, by using the past participle of the verb "to take," intended for the rule to apply only to a person who has taken or killed a deer. We interpret statutes and rules to "effectuate the overall legislative purpose and to avoid an absurd or unjust result." Appeal of Boyle, 169 N.H. at 376 (quotation omitted). We reject the defendant's interpretation of the rule because its purpose is to regulate hunting deer with the use of bait, and it would undermine this purpose if the rule applied only to persons whose use of bait resulted in the actual taking or killing of a deer.

The defendant also argues that the definition of "take or taking" in RSA 207:1, XXVII should not apply because "baiting" is not specifically listed in the statute. However, we conclude that "taking," which includes "using any net or other device commonly used to take wildlife," "capturing, trapping, snaring, and netting wildlife," and "all lesser acts," necessarily includes baiting. Moreover, the record shows that the defendant used bait for "hunting," an activity specifically listed in the definition of "taking."

The defendant next argues that RSA 207:3-d, I, and Fis. 307.03 are void for vagueness because, given the expansive definition of "taking," an ordinary person would not understand what acts are prohibited, and the statute and rule could lead to arbitrary enforcement. Construing the statute and rule in the context of the overall statutory scheme, see State v. Thiel, 160 N.H. at 465, we conclude that their purposes include prohibiting hunting for deer with bait except during season. We also conclude that a reasonable hunter would understand that hunting with bait during the closed season is not allowed regardless of whether he kills a deer. See State v. McCormack, 110 N.H. 482, 484 (1970) (concluding that regulation prohibiting possession of corn, rice, and other substances while fishing, designed to protect fish and game resources, was "neither vague, overbroad nor arbitrary"). Accordingly, we reject the defendant's vagueness argument.

We next address the defendant's argument that he was wrongfully arrested. RSA 206:26, V (2011) authorizes a conservation officer "[t]o arrest without warrant, but based on probable cause, and on view any person found violating any law, rule or regulation relating to all wildlife." Pursuant to RSA 594:1 (2001), "arrest" means "the taking of a person into custody in order that he may be forthcoming to answer for the commission of a crime." The record fails to show that the defendant was taken into custody or otherwise arrested. The conservation officer instead gave the defendant a summons the following day. See RSA 594:14, I (Supp. 2016) ("In any case in which it is lawful for a peace officer to arrest without a warrant a person for a misdemeanor or violation, he or she may instead issue to the person in hand a written summons."); see also RSA 594:1, III (2001) (defining "officer" and "peace officer" to include persons authorized to make arrests in a criminal case); RSA

3

206:26-b (2011) (authorizing conservation officers to make arrests in a criminal case). Accordingly, we find no error.

Finally, the defendant argues that the court erred in denying his motion for a directed verdict, asserting that the statute does not prohibit a person from taking deer by the use and aid of bait prior to open season. To the extent that this argument does not restate the defendant's previous arguments, we conclude that it is insufficiently developed to warrant review. See State v. Blackmer, 149 N.H. 47, 49 (2003) (we confine our review to issues that the defendant has fully briefed).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

4