**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0356, <u>Judith Tompson v. Michael Feniger, Esq. & a.</u>, the court on December 21, 2017, issued the following order:**

The plaintiff's motion "for leave to add and file documents to case file for review" is denied. The plaintiff filed her brief and appendix on September 29, 2017. Although the plaintiff appeals, in part, the dismissal of her complaint for failure to state a claim upon which relief may be granted, she did not include a copy of the complaint or her objection to the motion to dismiss in her appendix. Nor did the plaintiff, in her brief, summarize the complaint, challenge the trial court's characterizations of it or of the arguments in her objection, or otherwise specifically cite the complaint in support of her factual assertions. <u>Sup. Ct. R.</u> 16(3)(d) (requiring appealing party's brief to include concise statement of material facts with appropriate references to appendix or record); <u>cf</u>. <u>Mahmoud v. Irving Oil Corp.</u>, 155 N.H. 405, 406-07 (2007) (striking appealing party's brief and dismissing appeal for failure to comply with Rule 16). The defendants filed a memorandum of law in lieu of a brief, <u>see</u> <u>Sup. Ct. R.</u> 16(4)(b), by first class mail postmarked October 17, 2017, certifying that they served the plaintiff with copies of the memorandum by first class mail. We received and docketed the memorandum on October 19, 2017. In it, the defendants argue, in part, that the plaintiff failed to carry her burden to provide a record that is sufficient to decide her issues and demonstrate that she raised them in the trial court because she did not include the relevant pleadings in her appendix. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). On October 20, 2017, by first class mail postmarked October 19, the plaintiff filed her motion for leave to supplement the record on appeal with copies of her complaint and objection to the motion to dismiss, claiming, incorrectly, that the defendants had not yet filed a brief or memorandum of law.

It is the plaintiff's burden, as the appealing party, to provide a record on appeal that is sufficient to decide the issues she is raising and to demonstrate that she raised those issues in the trial court. <u>Id</u>.; <u>Sup. Ct. R.</u> 13(2). Pursuant to Rule 13(3), the plaintiff was obligated to file her appendix no later than when she filed her brief. The plaintiff has not established the requisite good cause to suspend Rule 13(3). <u>See</u> <u>Sup. Ct. R.</u> 1. As noted above, at no point in her brief did the plaintiff summarize her complaint or otherwise challenge the accuracy of the trial court's summaries of her complaint or objection. Moreover, we agree with the defendants that they would be prejudiced by allowing the plaintiff to submit the complaint and objection after they have already filed their memorandum of law. <u>Cf</u>. <u>Panas v. Harakis & K-Mart Corp.</u>, 129 N.H. 591,

617-18 (1987) (declining to address argument raised for the first time in reply brief due in part to opposing party's inability to respond and unacceptability of allowing submission of additional briefs after briefing schedule has closed). Accordingly, in reviewing the trial court's order granting the motion to dismiss, we will assume that its characterizations of the factual allegations and legal claims articulated in the complaint and the arguments raised in the plaintiff's objection are accurate. Cf. Bean, 151 N.H. at 250 (because appealing party bears burden to provide sufficient record, court assumes, absent a transcript, that trial court's ruling is supported by the evidence).

Having considered the plaintiff's brief, the defendants' memorandum of law, and the portions of the record that the plaintiff has provided, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). The plaintiff, Judith Tompson, appeals orders of the Superior Court (Anderson, J.) denying her motion for recusal, and dismissing her complaint against the defendants, Michael Feniger, Esq. and The Law Office of Feniger & Uliasz, LLP, for failure to state a claim upon which relief may be granted. We affirm.

At the outset, we reject the plaintiff's argument that the trial court was obligated to recuse itself. Based upon our review of the record provided on appeal, we cannot say either that a reasonable person would have questioned Judge Anderson's impartiality, or that any factor that would have per se disqualified Judge Anderson was present. See State v. Bader, 148 N.H. 265, 268-71 (2002). The mere fact that Judge Anderson ruled against the plaintiff in prior litigation does not establish judicial bias. See id. at 271.

This case arises out of prior litigation brought by Lancelot Court Condominium Association (association) against the plaintiff over unpaid condominium association fees. See Lancelot Court Condo. Ass'n v. Tompson, No. 2017-0117, 2017 WL 4770562 (N.H. Sept. 28, 2017); Lancelot Court Condo. Ass'n v. Tompson, No. 2015-0252, 2016 WL 3475739 (N.H. April 29, 2016). Feniger is the attorney who represented the association in that litigation. In her complaint, the plaintiff alleged that, during the course of representing the association, Feniger filed three separate memoranda with the registry of deeds pursuant to RSA 356-B:46, III (Supp. 2016), in order to perfect liens created by the statute for unpaid condominium assessments, see RSA 356-B:46, I (Supp. 2016). Although the statute required that the lien memoranda specify "[t]he amount of unpaid assessments currently due or past due together with the date when each fell due," RSA 356-B:46, III(c), Feniger did not itemize the amounts that the association claimed were due or specify when those amounts became due. Instead, each lien memorandum he filed set forth a single lump sum amount of unpaid assessments and attorney's fees that the association claimed as of the date of the memorandum. In its order granting the motion to dismiss, however, the trial court observed that at no point in her complaint did the plaintiff allege that the amounts asserted in the lien memoranda were incorrect. Ultimately, the association prevailed in the

2

underlying action, receiving $17,000 for unpaid condominium assessments and approximately $43,000 in costs and attorney's fees.

As summarized by the trial court, the plaintiff asserted the following claims in six separate counts of her complaint:

> (1) A claim for unfair and deceptive debt collection practices; (2) a claim for the violation of the federal Fair Debt Collection Practices Act; (3) a Fifth Amendment taking claim; (4) a claim captioned "Memorandums were improperly created and filed by Attorney Feniger"; (5) a negligence claim; and (6) a claim for, <u>inter</u> <u>alia</u>, attorney misconduct.

In dismissing the first claim, the trial court reasoned that, to prevail under RSA 358-C:2 (2009), the plaintiff had to establish that Feniger acted in an unfair, deceptive, or unreasonable manner, and that malice could not be inferred merely from the filing of defective liens. Because the plaintiff did not allege that the amounts asserted in the liens were incorrect, and because the alleged defects only affected the association's priority against other creditors, the trial court concluded that the complaint failed to establish that Feniger acted in an unfair, deceptive, or unreasonable manner. In dismissing the second claim, the trial court concluded that it was time-barred under the Fair Debt Collection Practices Act's one-year statute of limitations, <u>see</u> 15 U.S.C. § 1692k(d) (2012), because Feniger filed each lien memorandum more than one year prior to when the plaintiff brought suit. As to the third claim, the trial court reasoned that the plaintiff did not allege facts establishing that Feniger acted on behalf of a governmental entity. As to the fourth count, the trial court reasoned that it did not articulate a legal claim at all, but simply established that Feniger prepared and filed the lien memoranda, and that, although the association sent the plaintiff invoices and statements, it did not provide any formal demand letters before filing the liens. With respect to the negligence claim, the trial court reasoned that Feniger's alleged failure to comply with 356-B:46, III could not have harmed the plaintiff, but could only have harmed the association, and that Feniger did not owe the plaintiff, his client's adversary, a duty of care, <u>see</u> <u>MacMillan v. Scheffy</u>, 147 N.H. 362, 365 (2001) (declining to impose duty of care on an attorney to an adverse party). Finally, in dismissing the sixth claim, in which the plaintiff asserted that by engaging in "dishonesty, fraud, deceit, or misrepresentation," Feniger committed professional misconduct, abuse of process, or fraud, the trial court reasoned that any professional misconduct claim was "more properly brought before the professional conduct committee," <u>see</u> N.H. Rules of Professional Conduct, <u>Statement of Purpose</u> (stating that the Rules of Professional Conduct "are not designed to be a basis for civil liability"), and that the plaintiff had alleged no facts establishing that Feniger had engaged in attorney misconduct, fraud, or abuse of process.

In her brief, the plaintiff makes numerous repeated claims that Feniger "knowingly" created and recorded unperfected liens, that by doing so, he harmed her, engaged in intentional misrepresentation and actionable professional misconduct, and failed to satisfy RSA 356-B:46, III, and that such conduct constituted unfair and deceptive debt collection practices under state and federal law, negligence, fraud, and abuse of process. She has not, however, adequately addressed the fundamental flaws in her legal theories identified by the trial court in its well-reasoned order, or established why the trial court erred in identifying such flaws. As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**