**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**


**In Case No. 2017-0215, <u>In the Matter of Edward Fallon and Ganna Fallon</u>, the court on February 16, 2018, issued the following order:**

We consider the husband's "update to the case" filed on February 1, 2018 to be an untimely reply brief, and waive the requirements of Rule 16 relative to the reply brief. Having considered the brief and reply brief filed by the husband, Edward Fallon, the memorandum of law filed by the wife, Ganna Fallon, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The husband appeals orders recommended by a hearing officer (<u>Zucker</u>, H.O.) and approved by the Circuit Court (<u>Carroll</u>, J.) denying, in substantial part, his August 2015 motion to modify his child support obligation. We affirm.

We will uphold the trial court's order on a motion to modify a support obligation absent an unsustainable exercise of discretion. <u>In the Matter of Doherty & Doherty</u>, 168 N.H. 694, 696 (2016). "This means that we review the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgment[s]." <u>In the Matter of Hampers & Hampers</u>, 154 N.H. 275, 281 (2006). "If the court's findings can reasonably be made on the evidence presented, they will stand." <u>In the Matter of Brownell & Brownell</u>, 163 N.H. 593, 596 (2012) (quotation omitted). We defer to the trial court on matters such as "resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009).

The husband's appellate brief does not contain any developed arguments. <u>See</u> <u>Sup. Ct. R.</u> 16(3)(d)-(g) (explaining that a supreme court brief must include argument); <u>see</u> <u>also</u> <u>Mamoud v. Irving Oil Corp.</u>, 155 N.H. 405, 406-07 (2008) (dismissing appeal because brief did not comply with Supreme Court Rule 16). "[I]n the realm of appellate review, a mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review." <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003) (quotation omitted). Under these circumstances, we conclude that the husband has failed to demonstrate that the trial court

committed reversible error, as was his burden as the appealing party.  See Gallo v. Traina, 166 N.H. 737, 740 (2014).

Affirmed.

Dalianis, C.J., and Lynn, Bassett, and Hantz Marconi, JJ., concurred.


**Eileen Fox,**
**Clerk**