**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0233, <u>Alexander J. Walker, Jr. v. Michael Gill & a.</u>, the court on February 7, 2019, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Michael Gill and The Mortgage Specialists, Inc., appeal the order of the Superior Court (<u>Delker</u>, J.), following a bench trial, awarding the plaintiff, Alexander J. Walker, Jr., damages for defamation.

As an initial matter, we note that the defendants' brief contains no statement of questions presented for review; nor does it contain specific references to any portion of the record where issues the defendants seek to raise on appeal were first raised in the trial court. <u>See</u> <u>Sup. Ct. R.</u> 16(3). "The statement of questions presented, along with specific references to the record, provide evidence of preservation of the issues for appeal and apprise the [plaintiff] and the court of the issues presented on appeal." <u>Mahmoud v. Irving Oil Corp.</u>, 155 N.H. 405, 406 (2007); <u>see</u> <u>also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

The defendants' brief does not identify the issues on appeal. Even assuming, without deciding, that the defendants' brief could be construed to identify the issues on appeal, the defendants have failed to provide a record sufficient to address any such issues or to show that they raised their issues in the trial court. It is a long-standing rule that parties may not have judicial review of matters that were not properly raised in the trial court. <u>Thompson v. D'Errico</u>, 163 N.H. 20, 22 (2011). The purpose of this preservation requirement is to afford the trial court an opportunity to correct an error it may have made. <u>In the Matter of Mannion & Mannion</u>, 155 N.H. 52, 54 (2007). It is the defendants' burden as the appellants to provide this court with a record sufficient to decide their issues on appeal and to demonstrate that they raised their issues in the trial court. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250-51 (2004). The record in this case fails to demonstrate that the defendants raised their issues in the trial court.

Additionally, we consider on appeal only evidence and documents presented to the trial court.  Flaherty v. Dixey, 158 N.H. 385, 387 (2009); see Sup. Ct. R. 13.  The record in this case fails to show that the documents in the defendants' appendix were presented to the trial court.

Furthermore, the defendants' brief contains no developed legal arguments with citations to relevant authorities.  See State v. Blackmer, 149 N.H. 47, 49 (2003) (we confine our review to issues that have been fully briefed).  Accordingly, we conclude that the defendants have failed to meet their burden to show that the trial court committed reversible error.  See Gallo v. Traina, 166 N.H. 737, 740 (2014).

Affirmed.

Lynn, C.J., and Donovan, J., concurred; Smukler, J., retired superior court justice, specially assigned under RSA 490:3, concurred.

**Eileen Fox,
Clerk**