# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0374, <u>In the Matter of Kimberly Robinson and Angel Duffina</u>, the court on February 14, 2020, issued the following order:**

The opposing brief of the petitioner is hereby stricken for failure to comply with the requirements of Rule 16. <u>See</u> <u>Mahmoud v. Irving Oil Corp.</u>, 155 N.H. 405, 406-07 (2007). Accordingly, the respondent's motion for an extension of time within which to file a reply brief is moot. Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm and remand.

The respondent, Angel Duffina, appeals a final decree issued by the Circuit Court (<u>Derby</u>, J.) in her divorce from the petitioner, Kimberly Robinson. On appeal, the respondent argues that the trial court erred by requiring that she: (1) pay the cost of an appraisal if she elects to keep the marital home and pay the petitioner half of the equity in it; and (2) pay the cost of COBRA, at the petitioner's election, so as to maintain the petitioner on the respondent's health plan through January 2020 as an "alternative form of property distribution" in lieu of dividing the respondent's "relatively modest 401k balance."

The trial court has broad discretion in fashioning a final divorce decree. <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). Its discretion encompasses decisions concerning the division of marital property. <u>Id</u>. We will not overturn the trial court's rulings absent an unsustainable exercise of discretion. <u>Id</u>. This means that we review only whether there is an objective basis sufficient to sustain the trial court's discretionary judgments. <u>Id</u>. It is the burden of the appealing party, here the respondent, to provide a record sufficient to decide the issues she is raising. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). Absent a transcript of the final hearing, we assume that the evidence was sufficient to support the trial court's rulings. <u>See</u> <u>id</u>.

In this case, the respondent has not provided a transcript of the final hearing. Based upon the limited record provided on appeal, we cannot say that the trial court unsustainably exercised its discretion as to the arguments that the respondent is raising.

We note, however, that although the respondent raises no argument regarding the provision allowing her to keep the marital home other than her challenge to the requirement that she pay for an appraisal, she expresses some

confusion in her brief regarding her obligations in the event that she exercises that option. Specifically, she states that "I was told that I will have to execute and deliver a quitclaim deed to Ms. Robinson upon receipt of the payment" of half the equity. The confusion appears to derive from apparent typographical errors in designating the parties' obligations under the applicable provision.

The applicable provision states, in relevant part:

> Neither party had the [marital home] appraised, and their opinions of value differ by about $10,000-$18,000. . . . Ms. Duffina prefers to keep the [marital home], so she may elect one of the following two options:
>
> 1. Ms. Duffina shall pay for and obtain an appraisal of the home . . . within 45 days of the date the divorce becomes final, with a valuation date of March 18, 2019, and <u>Ms. Duffina shall pay Ms. Duffina one-half of the equity</u> revealed by the appraisal, using the principal balance of the mortgage as of March 18, 2019 . . . . If Ms. Robinson disagrees with the valuation, she may commission her own appraisal of the home . . . within 45 days from receipt of Ms. Duffina's appraisal, using the same valuation date, and the value shall be the average of the two appraisals, with the same formula to determine the payment Ms. Duffina will make to Ms. Robinson. <u>Ms. Duffina will execute and deliver a quitclaim deed to Ms. Duffina upon receipt of the payment, and Ms. Duffina will have 12 months within which to refinance or otherwise remove Ms. Duffina as an obligor on the mortgage</u>, failing which Ms. Duffina shall sell the [marital home] and pay off the mortgage, though she may keep all the net proceeds if it is sold pursuant to this provision . . . .

(Emphasis added.) In context, it appears that the trial court intended the parties to undertake the following obligations in the event that the respondent exercises her right to keep the marital home: (1) Ms. Duffina would pay <u>Ms. Robinson</u>, and not Ms. Duffina, half the equity in the home; (2) <u>Ms. Robinson</u>, and not Ms. Duffina, would deliver a quitclaim deed to Ms. Duffina upon her receipt of Ms. Duffina's payment of half the equity; and (3) Ms. Duffina would have twelve months within which to remove <u>Ms. Robinson</u>, and not Ms. Duffina, from the mortgage. Accordingly, although we affirm the decree, we remand the case to the trial court to review this provision and, if necessary, to

2

make any corrections to it that might be required to reflect its intent and avoid any confusion should the respondent elect to exercise her rights.

<u>Affirmed and remanded</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**